UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

COTY J. GRAFF,

                      Plaintiff,

v.                                          Civil Action No._____

LTD FINANCIAL SERVICES, L.P.,

                      Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action brought by Plaintiff Coty Graff against Defendant LTD Financial Services, L.P. and Daniel Delgado for actual damages, statutory damages, costs and attorneys fees brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### II. JURISDICTION AND VENUE

2. Subject Matter Jurisdiction of this Court for Plaintiff's FDCPA claims arise under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this Honorable Court is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims alleged in this complaint occurred within this district.

### III. PARTIES

4. Plaintiff Coty Graff is a natural person residing in the County of Orleans and State of New York.

5. Defendant LTD Financial Services (hereinafter referred to as "LTD") is a corporation organized and existing under the laws of the State of Texas, and is a "debt collector" as that term is defined by 15 U.S.C § 1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of Defendant LTD alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "LTD" herein shall mean LTD or an employee of LTD.

## IV. FACTUAL ALLEGATIONS

9. That Mr. Graff incurred a loan obligation to Compass Bank for the purchase of a vehicle. Said loan obligation will hereinafter be referred to as "the subject debt."

10. That the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

11. That the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. That the creditor to whom Mr. Graff owed money to on the subject debt employed or hired LTD to attempt to collect the subject debt.

13. That the Plaintiff was called on his cell phone by an employee of the defendant on May 21, 2007 at approximately 11:50am, 11:53am, 11:54am, 11:56am and 11:58 am, EST in an effort to collect on the debt.

14. That the Defendant's employee who contacted Mr. Graff identified himself as "Mr. Dan Delgato."

15. That on or about June 8th, 2007, Mr. Graff called Defendant to request all payments be terminated.

16. That in response, Defendant Delgato stated that the debt needed to be paid, that Mr. Graff was a liar, and hung up after further claiming that Mr. Graff was "playing games" with him.

17. That despite Mr. Graff's request that no payment be made, the Defendant caused a payment of $211.51 to be transferred from Mr. Graff's bank account.

18. That Mr. Graff called the Defendant and asked to speak with a Supervisor or Manager and was referred to "Department Manager John."

19. That Mr. Graff asked "Department Manager John" why a payment had been made despite Mr. Graff's explicit request to the contrary.

20. That in response, "Department Manager John" stated to Mr. Graff the following or substantially similar statements: that Mr. Graff was a "liar," that "Department Manager John" didn't believe Mr. Graff, that Mr. Graff needed to "grow up" and "stop acting like a child," that Mr. Graff was playing games with his phone, and that [Defendant] was not going to give Mr. Graff his money back.

## V. CAUSE OF ACTION

21. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 21 above.

22. That the Defendant's calls to Mr. Graff at approximately on May 21, 2007, were in violation of 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692d(5).

23. That the natural consequence of Defendant LTD stating to Mr. Graff that he was a "liar," that he was "playing games," that he needed to "grow up," and stop "acting like a child," was to annoy, abuse and/or harass Plaintiff, violating 15 U.S.C. § 1692d.

24. That Defendant LTD violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5), and 15 U.S.C. §1692f by stating to Mr. Graff that Defendant would not return his payment.

25. That as a result of the Defendant's conduct described in this complaint, Plaintiff suffered actual damages, including but not limited to emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

Dated: August 21, 2007

/s/Kenneth R. Hiller
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Coty J. Graff affirms that the following statements are true and correct under penalties of perjury:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: August 21, 2007                          /s/ Coty J. Graff
                                                Coty J. Graff